UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO BROWN,

       Petitioner,                                         Case No. 19-cv-12741
                                                                Hon. Matthew F. Leitman

v.

DEWAYNE BURTON,

       Respondent.

_____/

## ORDER (1) GRANTING PETITIONER'S MOTION TO AMEND HIS PETITION AND TO STAY THIS PROCEEDING (ECF No. 12), (2) HOLDING HABEAS PETITION IN ABEYANCE, (3) AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Orlando Brown is a state prisoner in the custody of the Michigan Department of Corrections. On September 19, 2019, Brown filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 (*See* Pet., ECF No. 1.) The petition challenges Brown's convictions in the Wayne County Circuit Court for felony murder, Mich. Comp. Laws § 750.316(1)(b), and armed robbery, Mich. Comp. Laws § 750.529. Brown claims that (1) the jury's verdict was against the great weight of the evidence, (2) he was denied effective assistance of trial counsel when trial counsel failed to request a separate trial or separate jury from Brown's co-defendants, and (3) the jury was improperly instructed on flight. (*See id.*, PageID 4-6.) On May 22, 2020, Respondent Dewayne Burton filed an answer

to the petition in which he asserts that Brown's first claim is procedurally defaulted and not cognizable on habeas review, Brown's second claim was reasonably decided by the state appellate court, and Brown's third claim is not cognizable on habeas review and lacks merit. (*See* Answer, ECF No. 10, PageID.38-39.)

On May 29, 2020, Brown filed a motion to amend his habeas petition and to stay the federal proceeding while he exhausts state remedies for four new claims related to the sufficiency of the evidence, trial counsel, the admission of "other acts" evidence at trial, and appellate counsel. (*See* Mot., ECF No. 12, PageID.3386-3388.) Respondent has not filed an answer to Brown's motion.

Federal Rule of Civil Procedure 15 states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

Brown filed his motion to amend within 21 days of Respondent's answer. Accordingly, he is entitled to amend his petition as a matter of course, and the Court will grant his request to amend. However, the amended petition is a "mixed" petition of exhausted and unexhausted claims, and a federal district court normally must dismiss a "mixed" petition. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

A dismissal of the habeas petition while Brown pursues state remedies for his unexhausted claims could result in a subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid the dilemma created by the statute of limitations and *Lundy's* dismissal requirement, a federal court may stay a habeas corpus petition and hold the federal case in abeyance pending resolution of post-conviction proceedings in state court. *See Rhines v. Weber,* 544 U.S. 269, 275-278 (2005). The Court believes that such a stay is appropriate here. Accordingly, the Court will grant Brown's request to hold this case in abeyance while he attempts to exhaust his new claims in state court.

Accordingly, **IT IS HEREBY ORDERED** that Brown's motion to amend and to hold the petition in abeyance while he pursues state remedies for his unexhausted claims (ECF No. 12) is **GRANTED**. This stay is conditioned upon Brown presenting his unexhausted claims to the state courts by filing a motion for relief from judgment in state trial court by no later than **December 14, 2020**. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies Brown's motion, he must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id.*

The stay is further conditioned on Brown's return to this Court, with a motion to reinstate and amend the petition, using the same caption and case number included at the top of this order, within **90 days** of fully exhausting his state court remedies. If Brown fails to comply with any of the conditions described in this order, the Court may dismiss the petition and/or rule only on his currently exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes only. Upon receipt of Brown's motion to reinstate and amend the petition, the Court will order the Clerk to reopen this case for statistical purposes. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Brown's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**IT IS SO ORDERED**.

                         s/Matthew F. Leitman
                         MATTHEW F. LEITMAN
                         UNITED STATES DISTRICT JUDGE

Dated: August 3, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 3, 2020, by electronic means and/or ordinary mail.

                         s/Holly A. Monda
                         Case Manager
                         (810) 341-9764